IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PIERO ALESSANDRO SAENZ-MONCADA                           PETITIONER
A# 243-144-614

VERSUS                                      CIVIL NO. 5:26-cv-19-DCB-BWR

WARDEN RAFAEL VERGARA and
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT                                     RESPONDENTS

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, the Court finds that this civil action should be dismissed.

### I.   BACKGROUND

On January 21, 2026, pro se Petitioner Piero Alessandro Saenz-Moncada ("Petitioner") filed: (1) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), and (2) Emergency Motion for Stay of Removal while detained at the Adams County Correctional Center in Natchez, Mississippi. [ECF Nos. 1, 2]. On February 3, 2026, Petitioner filed a Notice of Change of Address, indicating he had been transferred to the Port Isabel Service Processing Center in Los Fresnos, Texas. [ECF No. 3]. Petitioner failed to comply with Federal Rule of Civil Procedure Rule 11 by not signing the Petition [ECF No. 1], the Emergency Motion for Stay of Removal [ECF No. 2], and the Notice of Change of Address

[ECF No. 3]. On March 26, 2026, Judge Rath issued an Order to Sign, directing Petitioner to place his original signature on those documents by April 9, 2026. [ECF No. 4] at 1. Judge Rath instructed the Clerk of Court to mail the documents to Petitioner's addresses at both the Isabel Service Processing Center, and the Adams County Correctional Center. Id. Petitioner did not respond.

On April 21, 2026, Judge Rath issued an Order to Show Cause [ECF No. 5], directing Petitioner to file a written statement indicating why he failed to comply with the Court's Order to Sign. [ECF No. 5]. Petitioner was ordered to respond by May 5, 2026. Id. Judge Rath instructed the Clerk of Court to mail the documents to Petitioner's addresses at both the Isabel Service Processing Center, and the Adams County Correctional Center. Id. at 1-2. On May 6, 2026, the Order to Show Cause [ECF No. 5] was returned as undeliverable. [ECF No. 6].

On May 21, 2025, Judge Rath issued a Second Order to Show Cause, providing Petitioner one final opportunity to comply with Orders of the Court. [ECF No. 7] at 1. Petitioner was given until June 4, 2026, to respond. [ECF. No 7] at 2. Petitioner did not respond. Judge Rath instructed the Clerk of Court to mail the documents to Petitioner's addresses at both Isabel Service Processing Center, and Adams County Correctional Center. Id. On June 3, 2026, the postal service returned the envelope containing the Second Order to Show Cause as undeliverable. [ECF No. 8].

2

On June 6, 2026, the Court reviewed the docket and observed that several Court orders had been returned as undeliverable. The Court then investigated Petitioner's detention status. The Court instructed the District Court's Clerk of Court to resend [ECF Nos. 4, 5, 7] to both of Petitioner's known addresses. The Court also attempted to contact both the Adams County Correctional Center and the Isabel Service Processing Center, but was unable to reach either facility. Additionally, the Court searched the United States Immigration and Customs Enforcement ("ICE") detainee locator website, but could not locate Petitioner. The Court then contacted the ICE Detention, Removals, and Information Line and spoke with two ICE representatives. Both representatives confirmed that Petitioner is no longer in ICE custody and was removed from the United States on January 19, 2026.[1]

## II. Discussion

A writ of habeas corpus is available only to a petitioner who is in custody. 28 U.S.C. § 2241(c). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a

---

[1]A family friend of Petitioner, Estrella Leon Gurreonero, filed Petitioner's Writ of Habeas Corpus [ECF No. 1] and Emergency Motion for Stay of Removal [ECF No. 2] on his behalf on January 21, 2026. However, upon review, it was noted that Petitioner had originally dated both documents as January 8, 2026. During the period between the date Petitioner completed the documents and the date they were filed by Estrella Leon Gurreonero, Petitioner was removed from the country and released from ICE custody.

litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" Id. The mootness doctrine requires that, to show a case or controversy under Article III of the Constitution, "through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." Bacilio-Sabastian v. Barr, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting Lewis, 494 U.S. at 477-48).

Originally, the Court was prepared to dismiss this action without prejudice for failure to prosecute and failure to comply with Court orders. However, upon learning that Petitioner had been removed from the United States and is no longer in ICE custody, the Court now finds that the case is moot. Petitioner Piero Alessandro Saenz-Moncada's Petition no longer presents a live case or controversy for purposes of satisfying Article III.

### III.  Conclusion

For the reasons stated herein, pro se Petitioner Piero Alessandro Saenz-Moncada's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice on the ground that it is moot. Even

4

if the Petition were not moot, dismissal for failure to prosecute and obey the Court's orders would be warranted.

A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 10th day of June, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE